GEORGE C. BESTOR, Plaintiff in Error, *v.* WILLIAM H. PHELPS *et al.,* Defendants in Error.

ERROR TO PEORIA.

In an action by an indorser against the indorsee of a promissory note, it is not necessary to prove its execution by the maker.

THIS was an action brought on a promissory note against the plaintiff in error as indorser. The note sued for was as follows:

"$300. ST. LOUIS, Nov. 26, 1852.
Eight months after date I promise to pay to the order of Geo. C. Bestor three hundred dollars, value received, payable at the office of Phelps & Bourland, Peoria, Illinois. H. A. FOSTER."

Indorsed, " Pay Phelps & Bourland, GEO. C. BESTOR."
The declaration contained special counts, and also common

counts for money lent, paid, had and received, and account stated. Defendant in the suit below pleaded the general issue. Trial was had before a jury, O. PETERS, Judge, at May term, 1855, of the Peoria Court.

The note was offered in evidence under the special count, which was objected to, for the reason that it was inadmissible under that count. The plaintiff then offered the note in evidence under the common money count, (the signature of the indorser, Bestor, being admitted as genuine,) which was objected to by the defendant below, which objection the court overruled, and admitted the note in evidence to the jury, to which decision of the court the defendant excepted.

The plaintiff further proved that suit had been commenced against Foster, the maker of the note, at the September term of the Peoria Circuit Court, A. D. 1853, which term commenced September 12, 1853. Judgment was rendered March 23, 1854, at March term, which term adjourned April 1st, 1854. Execution issued April 27, 1854, and was returned, "no property." Also proved that Foster left this State in September, 1853; that he made an assignment to Wm. A. Willard; that the effects of said Foster will pay not over fifty cents on the dollar, and that he was reported insolvent. The court instructed the jury as follows:

"1. If the jury find from the evidence that, at the time the note became due, the maker of the note was so far insolvent that the note could not, by ordinary diligence, have been made from him, they will find for the plaintiffs in this case, and the measure of damage is the amount of the note and interest, subject to the qualification contained in the instructions for the defendant.

"2. If plaintiffs commenced suit on the note in question at the first term of the Circuit Court after the note became due, and pursued said suit to judgment in due course of law, and issued execution, and failed to make the amount from the maker of the note, the plaintiffs are entitled to recover the amount of the note and interest from the defendant.

"If at any time pending the suit at law the maker of the note became and continued to be insolvent, and removed from the State of Illinois, so that further prosecution of the said suit would have been useless, and so that no legal steps would have availed to collect the note from the maker, then such steps, or any further legal steps, were not necessary on the part of the plaintiffs, and they are entitled to recover of the defendant."

To all which instructions the said defendant excepted.

The jury brought in a verdict for the plaintiffs in said suit,

38

upon which verdict said Circuit Court rendered judgment for the amount of said note and interest.

MANNING and MERRIMAN, for Plaintiff in Error.

COOPER, for Defendants in Error.

CATON, J.   This was an action by the assignees against the assignor of a promissory note.   On the trial, the assignment on the note, by the defendant below, was admitted to be genuine; but it was objected that the execution of the note by the maker was not proved.   The court overruled the objection, and admitted the note in evidence, which is now assigned for error.   This identical question was brought before this court by a person of the same name as the present plaintiff in error, in the case of *Bestor* v. *Walker et al.*, 4 Gilman, 3, in which the court said: "But there is no rule of law, and never has been, requiring the indorsee of a note, in a suit against the indorser of it, to prove the execution of it by the maker.   The indorser, having negotiated and put it into circulation, exhibits a degree of assurance without a parallel, when he demands proof of its genuineness of the man to whom he has indorsed it.   Neither reason nor law sanctions such a proceeding."   It is unnecessary for me to add any thing to the language of this court above quoted, to show that the decision of the court was correct.

The instructions asked and given as to when and what degree of diligence the assignee was required to use to collect the note of the maker, do but reiterate the decisions of this court in numerous cases on the subject, which are perfectly familiar to most of the profession, and to which I do not feel called upon to refer particularly.

The judgment is affirmed.

*Judgment affirmed.*